### The town of HEBRON *against* The town of MARLBOROUGH.

The settlement of a bastard born in this state, whose mother has no settlement here, is in the place of such bastard's birth.

THIS was an action of *assumpsit* against the town of *Marlborough*, for support furnished for *Charlotte Goff*, a pauper. The only question was, whether her settlement was in the town of *Marlborough*. In the superior court, the facts were agreed to by the parties, and reserved for the consideration of the nine Judges.

*Ruth Beach*, mother of the pauper, was settled in *Taunton* in *Massachusetts*. In *June*, 1796, she was married to *William Goff*, whose settlement was then in *Marlborough*.

*Charlotte Goff* was born in *Marlborough*, in *September*, 1796. In 1797, *William Goff* removed into the state of *New-York*, where he acquired, and has ever since retained, a settlement. In 1799, he brought a petition to the superior court, stating that he had no access to the said *Ruth*, within one year next previous to the birth of *Charlotte Goff*, and that he was not her father. The superior court found the statements in the petition to be true, and decreed a divorce. It was agreed, that in the present case, said petition and decree should be evidence of all the facts stated and found therein.

*Peters*, for the town of *Hebron*, contended, that the pauper was a bastard, and that the mother having no settlement in this state, the settlement of the child was in the place of its birth. He cited *Reeve's Domestic Relations*, 275.

*T. S. Williams*, contra, insisted, 1. That the marriage was to be considered as void, and the pauper a bastard. If the marriage was void, it was so to every purpose, and the mother acquired thereby no settlement in *Marlborough*. But by the law of this state, a bastard does not obtain a settlement by birth, but takes the settlement of its mother. The mother being settled in *Massachusetts*, the settlement of the child is consequently there, and *Marlborough* is not liable for its support.

2. If the child is legitimate, it takes the father's settlement. When the support was furnished, *William Goff* was settled in *New-York*; and it has been repeatedly decided by the superior court, that an inhabitant of *Connecticut*, by gaining a settlement in another state, loses his settlement in this.

SWIFT, Ch. J. From the facts in evidence, it appears, that the pauper, though born in wedlock, was not the child of the husband, who had no access to the wife, but was the child of some other person. The pauper, then, was a bastard; and the settlement must be governed by the rules adopted in the case of bastards. By the common law, bastards acquire a settlement in the place where born, unless the mother has been removed into the place, with a view, fraudulently, to subject such place to their support. In this state, the rule has been adopted, that where the mother has a settlement,

Marlborough
*v.*
Hebron.

the bastard follows it; but if the mother has no settlement, the place of birth is the place of settlement. In this case, the mother had no settlement in this state. She had one in *Taunton* in *Massachusetts;* but it does not appear that, by the laws of *Massachusetts,* bastards follow the settlement of the mother, or that where a bastard is born in another state, of a woman an inhabitant of some town in that state, they will admit such bastard to follow the settlement of the mother. As, then, it does not appear, that the pauper followed the settlement of the mother in *Massachusetts,* the consequence is, that the place of her birth in this state, is the place of her settlement. As this is agreed to be in *Marlborough,* that town is liable for her support, and the plaintiffs are entitled to recover.

In this opinion the other Judges severally concurred.

Judgment to be given for the plaintiffs.