### BEAN *against* ATWATER and another.

*A.* and *B.* on the 6th of *August,* 1816, entered into articles of agreement, whereby *A.*, in consideration of the covenants to be performed, and payments to be made by *B.*, granted and sold to *B.* certain tracts of land, and covenanted to confirm them to him, by deed, in fee-simple, on the 1st of *June,* 1817 : and *A.* covenanted to pay therefor the sum of 4000 dollars, of which 500 dollars was to be paid immediately, 500 dollars on the 1st of *January,* 1817, 500 dollars on the 1st of *June,* 1817, 500 dollars on the 1st of *January,* 1818, 1000 dollars on the 1st of *January,* 1819, and the residue on the 1st of *January,* 1820. For the performance of these stipulations the

*New-Haven,*
*July,*
*1821.*

Bean
*v.*
Atwater.

parties bound themselves, respectively, in the penalty of 8000 dollars. In an action brought by *A.* against *B.* for the money, it was held, that the covenant of the defendant, so far as it related to the two first instalments, was independent, and the plaintiff was entitled to recover the sum due thereon, without averring or proving performance of the covenant on his part; but that, so far as it related to the instalment payable on the 1st of *June,* 1817, and the subsequent instalments, performance by the plaintiff was a condition precedent to his right of recovery: That the penalty subjoined was intended merely to enforce performance of the covenants, and could not affect their construction.

Where each of the parties is to do an act, at the same time, neither can maintain an action, without shewing performance on his part.

Where a day is appointed for the payment of money, and this is to happen after the performance of that which is the consideration of it; no action for the money can be maintained before performance.

   This was an action of debt on covenant, demanding the sum of 8000 dollars. The declaration stated, That the defendants, in and by certain articles of agreement, under their hands and seals, and by them well executed, dated the 26th day of *August,* 1816, for and in consideration of the covenants and undertakings on the part of the plaintiff in said articles of agreement contained, covenanted and agreed with the plaintiff, to pay to him the sum of 4000 dollars, in manner following, that is to say, 500 dollars, on the execution of said articles; 500 dollars, on or before the first day of the then next *January;* 500 dollars, on or before the first day of the then next *June;* 500 dollars, on or before the first day of *January,* 1818; 1000 dollars, on or before the first day of *January,* 1819; and the remaining sum of 1000 dollars, on or before the first day of *January,* 1820; with lawful interest on said sums from the date of said agreement: That the more effectually to secure the payments aforesaid, the defendants, then and there, in and by the same instrument, bound themselves, and their legal representatives, in case they failed to make said payments, in manner aforesaid, well and truly to pay to the plaintiff, or his legal representatives, the sum of 8000 dollars: That the plaintiff hath ever stood ready to perform said agreement on his part; of which the defendants have, at all times, had due notice: That the defendants, notwithstanding, have failed to perform said agreements and undertakings on their part, and have never paid the plaintiff said sums of money, at the times, and in the manner, stipulated in said articles of agreement, nor in any other manner.

The defendants pleaded, that they owed the plaintiffs nothing; on which issue the cause was tried, at *New-Haven, August* term, 1820, before *Hosmer*, Ch. J.

In support of his declaration, the plaintiff gave in evidence the following articles of agreement; the execution of which was admitted by the defendant: "Articles of agreement, made and concluded, this twenty sixth day of *August*, in the year of our Lord, one thousand eight hundred and sixteen, between *Richard Bean* of *Meadville, Crawford* county, and commonwealth of *Pennsylvania*, of the one part, and *Elnathan Atwater* and *William Sheffield*, both of *New-Haven*, State of *Connecticut*, Esqrs. of the other part, WITNESS, That for and in consideration of the herein-after-mentioned covenants to be performed, and payments to be made, by the said parties of the second part, to the said party of the first part, the said party of the first part hath granted, bargained and sold, and by these presents doth grant, bargain and sell to the said parties of the second part, their heirs and assigns, the undivided two third parts of the following described tracts of land, situated in the county of *Crawford* aforesaid, in district No. 7. formerly called *McDowell's* district, bounded, &c. containing four hundred acres, and an allowance of six *per cent.* for roads, &c. together with all and singular the improvements and appurtenances whatsoever thereunto belonging, and the rents, issues and profits thereof; which said undivided two third parts of the said described tract of land the said party of the first part covenants to confirm unto the said parties of the second part, their heirs and assigns, by deed, in fee-simple, on or before the first day of *June* next. And the said parties of the second part covenant and agree to pay therefor the sum of four thousand dollars, lawful money of the *United States*, in manner following, *viz.* five hundred dollars, at the execution hereof; five hundred dollars, on or before the first day of *January* next; five hundred dollars, on or before the first day of *June* next; five hundred dollars, on or before the first day of *January*, 1818; one thousand dollars, on or before the first day of *January*, 1819; and the remaining sum of one thousand dollars, on or before the first day of *January*, 1820, with lawful interest on said sums, respectively, from the date hereof; which sums remaining due and unpaid at the execution of said deed, shall be secured by bond and mortgage of the said premises; and for the due performance of all and singular the covenants and agreements aforesaid, each of the

*New-Haven,*
*July,*
*1821.*

Bean
*v.*
Atwater.

said parties bind themselves, and their legal representatives, to the other, and their legal representatives, in the penal sum of eight thousand dollars.   In witness whereof, the said parties have hereunto interchangeably set their hands and seals, the day and year first above written.

*Richard Bean.*      [L. S.]

*Elnathan Atwater.* [L. S.]

*William Sheffield.* [L. S.]

The defendants had paid to the plaintiff, at the date of these articles of agreement, the sum of 500 dollars; and on the 22nd of *January*, 1818, the further sum of 400 dollars. The plaintiff claimed, that he was entitled to recover of the defendants the whole of the 4000 dollars, deducting the payments so made.   The defendants insisted, that the plaintiff could recover of them only such balance as might be due on the second instalment of 500 dollars, payable on the first of *January*, 1817.   The Judge instructed the jury as follows: "It is admitted, that the second sum of 500 dollars, stipulated in the covenant exhibited in evidence, was not paid on or before the first day of *January*, 1817, pursuant to agreement; and that no more than 400 dollars of it has been paid to the present time.   From this it follows, that the penalty of 8000 dollars, mentioned in the covenant between the parties, and made to enforce it, has become forfeited, and the plaintiff is entitled to your verdict.   Notwithstanding the form of the agreement, in which the parties have bound themselves to each other, in the penalty before mentioned, on failure of performing their respective engagements; yet in this state, by force of a statute for that purpose, the courts are vested with the equitable power to chancer the penalty to the sum which is justly due, according to the entire agreement of the parties.   The sum of five hundred dollars first stipulated in the contract, was payable at the time of its execution, and was punctually paid.   The second sum of five hundred dollars was payable by the covenant, on the first of *January*, 1817, was partially paid, not at the day when it was due, but afterwards, on the 22d day of *January*, 1818, leaving unpaid one hundred dollars, which is now due, with the interest on the sum of five hundred dollars from the date of the covenant to the time when the four hundred dollars was paid, and on one hundred dollars from that time to the present.   Whether any thing more is due depends upon the settlement of a question of law referred to the court.

" It is not pretended, that the plaintiff has performed the cov- <span style="float:right">*New-Haven*,<br>July,<br>1821.</span>
enant on his part.   The consideration of the defendants' cov-
enant, stated by the plaintiff in his declaration, is not, that he
had fulfilled his stipulations, by the conveyance of the land <span style="float:right">Bean<br>*v.*<br>Atwater.</span>
mentioned, which he was at liberty to aver and prove—but
merely the covenants and undertakings on his part.   Not-
withstanding this, he contends, that the covenants between
the parties are what in law is termed mutual and independ-
ent, and that, therefore, he has right to recover, without a
previous fulfilment.   So far as respects the two first instal-
ments of five hundred dollars each, this is undoubtedly correct.
But as to the other two sums payable in succession afterwards,
I am of opinion, that the plaintiff has no right to recover, un-
til there has been a performance, or tender of performance,
of the contract, on his part ; and that the penalty, on this
point, makes no difference.   It is collateral to the contract,
and intended to enforce its performance ; but it lends no aid
in its construction."

The jury having returned a verdict pursuant to this direc-
tion, the plaintiff moved for a new trial, on the ground that
the judge had misinstructed them.

*Staples* and *Hitchcock*, in support of the motion, endeavour-
ed to establish this general proposition, That the covenants
in the indenture declared on, are *independent ;* and that on
failure of performance by either party, the other has his rem-
edy against him.   This they argued,

First, from the ordinary import of the language of the in-
denture.   After the covenants on the part of the plaintiff,
the defendants agree, absolutely, to pay to the plaintiff the
sum of 4000 dollars, in certain instalments.   To annex a
condition to this stipulation, would be to make a contract for
the parties.

Secondly, from the rules of construction applicable to mu-
tual covenants, established by incontrovertible authorities.
1 *Chitt. Plead.* 313, 4.   1 *Wms. Saund.* 320. *a. b.* *Hotham* v.
*The East-India Company*, 1 *Term Rep.* 638. 645.   *Campbell*
v. *Jones*, 6 *Term Rep.* 570. 573.   *Thorpe* v. *Thorpe*, 12 *Mod.*
455. 461.   *Terry* & al. v. *Duntze*, 2 *H. Bla.* 389.   *Wilcox*
v. *Ten Eyck*, 5 *Johns. Rep.* 78.   *Gardiner* v. *Corson*, 15 *Mass.*
*Rep.* 500.   *Obermyer* v. *Nichols*, 6 *Binn. Rep.* 159.

Thirdly, from the consideration, that the covenant has
been *in part executed* on the part of the plaintiff, as by the

articles of agreement, an inchoate title to the land was conveyed to the defendants. *Campbell* v. *Jones,* 6 *Term Rep.* 570. 573.

Fourthly, from the agreement of the parties to look to *a penalty* by them provided to enforce the performance of each covenant. They have settled the question, what shall be the consequence of a failure to perform.

*N. Smith* and *Denison,* contra, conceded, that the plaintiff was entitled to recover the amount due upon the two instalments, which, by the terms of the covenant, were to be paid before the time for the conveyance of the land ; but with regard to the other instalments, they contended, that the plaintiff could not recover, without shewing, that he had conveyed, or offered to convey, the land.

1. The dependence or independence of covenants is to be collected from the evident sense and meaning of the parties ; and their precedency must depend upon the order of time, in which the nature of the transaction requires their performance. It was surely not the intention of these parties, that the whole sum of 4000 should be paid by the defendants, before any thing was done by the plaintiff. By articles of agreement entered into, on the 26th of *August,* 1816, the defendants were to pay 500 dollars, immediately ; and 500 more, on the 1st of *January* following. On the 1st of *Jnne* following, something was to be done, by each of the parties, *viz.* the defendants were to make a further payment of 500 dollars, and the plaintiff was to give a deed in fee-simple of the land. After this, the defendants were to complete the payment of the purchase money, by instalments. The order of time requires payment of the two first instalments, independently of any act on the part of the plaintiff other than entering into the covenant ; payment of the third instalment and delivery of the deed, concurrently ; and lastly, that being done which it was incumbent on the party claiming performance to do, payment of the remaining instalments. *Kingston* v. *Preston,* E. 13 *Geo.* 3. cited in *Jones* v. *Barclay, Doug.* 690, 1. *Willes* 157. n. 1 *Chitt. Plead.* 311, 2. *Johnson* v. *Reed &* al. 9 *Mass. Rep.* 78.

2. According to the rules, which have been prescribed, for ascertaining the intention of the parties, the plaintiff cannot, in this case, recover the instalment to be paid on the day of

the delivery of the deed, nor, of course, any of the subse- <span style="float:right">*New-Haven,*<br>July,<br>1821.</span>
quent instalments.

<span style="float:right">Bean<br>*v.*<br>Atwater.</span>

Rule 1st. When a day is appointed for payment by the defendant, of a sum of money, or part of it, and such day is to happen *before* the thing which was the consideration of the defendant's contract was to be performed, an action may be brought for the money, before performance by the plaintiff. 1 *Chitt. Plead.* 313. It is upon this principle, that a recovery in this case may be had for the two first instalments.

Rule 2nd. When a day is appointed for the performance of the defendant's contract, and such day is to happen *after* the time when the consideration of the defendant's contract was to be performed, no action can be supported, until the plaintiff has performed his act. 1 *Chitt. Plead.* 313. It is upon this principle, that the plaintiff cannot recover for the *subsequent* instalments.

Rule 3rd. When two acts are to be done *on the same day,* one of which is the consideration of the other, neither party can maintain an action, without shewing performance, or an offer to perform. 1 *Chitt. Plead.* 314, 5. *Green* v. *Reynolds,* 2 *Johns. Rep.* 207. *Goodisson* v. *Nunn,* 4 *Term Rep.* 761. *Glazebrook* v. *Woodrow,* 8 *Term Rep.* 366. It is upon this principle that the plaintiff cannot recover the instalment to be paid on the day of the delivery of the deed.

The case of *Terry* & al. v. *Duntze,* 2 *H. Bla.* 389. the defendants' counsel admitted, was opposed to the doctrine for which they contended; but they insisted, that that case had been over-ruled, by contrary decisions, in *England* and in this country; that the rule it embraced was technical and arbitrary; and that in its application, it would defeat the intention of the parties, and produce manifest injustice. 1 *Chitt. Plead.* 314. 1 *Wms. Saund.* 320. *b.* n. *Johnson* v. *Reed* & al. 9 *Mass. Rep.* 78. *Cunningham* & al. v. *Morrell,* 10 *Johns. Rep.* 203.

Hosmer, Ch. J. The plaintiff can alone recover, on the facts stated in his declaration. If on examination of the covenant counted on, it appears, that there has been an entire performance of every stipulation on his part; this, undoubtedly, evinces a good cause of action for the whole consideration of the lands; but unless the declaration comports with this state of facts, the defendants are entitled to judg-

ment.  If the plaintiff recover, it must be *secundum allegata et probata.*

The plaintiff has not founded his action on a performance of contract, either in whole or in part.  He has merely alleged, that the covenants of the defendants, were "*for and in consideration of the undertakings on his part ;*" and instead of averring performance, he has only averred, that " *he hath ever stood ready to perform said agreement.*"  The plaintiff has placed himself on this ground ; that the covenants between the parties *are mutual and independent ;* and upon the correctness of this assumption, entirely depends his right of recovery.

It is a primary and fundamental rule concerning contracts, that their construction must be, according to *the intention* of the parties ; and so paramount is this rule, that to *such intention*, even technical words must give way.  *Porter* v. *Shephard*, 6 *Term Rep.* 668.  *Campbell* v. *Jones*, 6 *Term Rep.* 570. *Norton* v. *Lamb*, 7 *Term Rep.* 125.  1 *Wms. Saund.* 320. n. *Gazley* v. *Price*, 18 *Johns. Rep.* 267.  When the enquiry is in relation to their dependence or independence, this is to be collected from the evident sense and meaning of the parties ; and however transposed they may be in the covenants, their precedency must depend on the order of time, in which *the intent* of the transaction requires their performance.  *Jones* v. *Berkley, Doug.* 684.  If the language of a contract will admit of it, justice and general convenience incline to the construction of a simultaneous performance ; but if a man will agree to pay his money *before* he has the thing for which he ought to pay it, and *will rely upon his remedy*, this is a law of his own making, and his agreement he ought to perform. On the other hand, courts should carefully endeavour, to avoid compelling a person to give credit, when he did not intend it.  *Thorpe* v. *Thorpe*, 1 *Ld. Raym.* 666.

To investigate the intention of parties to a contract, certain auxiliary rules have been established.  It was laid down by Lord *Holt*, in *Thorpe* v. *Thorpe*, 1 *Ld. Raym.* 665. and since has been uniformly recognized, that, if a day be appointed for payment of money, and the day *must* happen, or *may* happen, *before* the consideration of the money is to be performed, an action lies for the money before performance.  The reason has already been assigned ; it is, that the party relied on *his remedy*, and did not *intend* the performance to be a condition precedent.  1 *Wms. Saund.* 320. *b.*  1 *Chitt. Plead.*

313. This rule, undoubtedly authorizes the plaintiff's re-
covery to the extent of the two first instalments in the cove-
nant sued on ; or, in other words, it thus far sanctions the
judgment of the Court below.

I am perfectly aware, that the rule adopted in *Westminster-
Hall*, is broader than the one before mentioned ; but it was
not adopted until the case of *Terry* v. *Duntze*, 2 *H. Bla.* 389.
adjudged in the year 1795. In this case, it was said to have
been long established in the construction of covenants, that
if *any* money is to be paid, *before* the consideration is to be
performed, the covenants are mutual and independent. Since
the determination of the case alluded to, it has been followed
in *Westminster-Hall* ; and for a time it was recognized as
evidence of the law, in the neighbouring state of *New-York.*
1 *Wms. Saund.* 320. *a.* 1 *Chitt. Plead.* 313. *Seers* v. *Fow-
ler*, 2 *Johns. Rep.* 272. *Havens* v. *Bush*, 2 *Johns. Rep.* 387.
But in the case of *Cunningham* & al. v. *Morrell*, 10 *Johns.
Rep.* 203. the supreme court in the state last mentioned,
considered the case of *Terry* v. *Duntze* as a departure from
principle ; and the cases decided on the strength of it, were
over-ruled. To the case of *Terry* v. *Duntze*, there exist two
incontrovertible objections. In the first place, the cases re-
lied on by the court, furnish no sanction to the rule there
adopted. They merely decide, that where the *entire consid-
eration* is payable at a time prefixed, which either *must* or
*may* precede the consideration on the other side, there may
be a recovery without performance. *Thorpe* v. *Thorpe*, 1 *Ld.
Raym.* 662. *Ughtred's* case, 7 *Co. Rep.* 74. *b. P ordage* v.
*Cole*, 1 *Saund.* 319. It requires no acuteness to discern, that
if *A.* covenants to pay *B.* a sum of money on the 1st of *April ;*
and *B.* on his part, agrees, in consideration of the said stipu-
lation, to convey to *A.* a tract of land, on the 1st of *May* suc-
ceeding, the money was intended to be paid *before* perform-
ance of the consideration. If, however, only *a part* of the
money was to be paid, before the conveyance of the land,
and the residue afterwards, there is no exhibition of an intent,
that the whole consideration might be demanded, before per-
formance on the other side, but of the contrary. And this is
the second objection against the determination, I have been
considering. *The intention* of the parties *is contravened*, by a
rule, entirely artificial, and in disregard of language the most
definite and perspicuous, making, instead of enforcing, a con-
tract. It will be seen, on recurrence to the case of *Terry* v.

*Duntze,* that, by the aid of this novel principle, the plaintiff recovered in defiance of the plain intention and agreement of the parties. In *Cunningham* v. *Morrell,* before cited, upon the principle, that " one's bargain is to be performed according as he makes it," it was decided ; that a covenant may in part be mutual and independent, and in part dependent, or on mutual conditions. " The parties (said *Kent,* C. J.) have a right to mould their contracts so, as to suit their mutual convenience and interests, and when the courts can ascertain their meaning, they are so to construe the contract, as to give effect to that meaning, provided the purpose be lawful." It results, as a necessary consequence, that the covenant of the defendants to pay the two first instalments, does not imply, that, without performance, they, of course, are bound to advance the entire consideration of their contract, and rely on their remedy.

The terms of the agreement, do not show it to have been the intention of the parties, to make their contract mutual and independent. The covenant to pay the plaintiff " *therefor*" refers, not to the agreement on the plaintiff's part, but to his *performance, by the execution of the stipulated deed.*

From the expression in the covenant, that the plaintiff had bargained and sold, and " *by these presents* doth bargain and sell," we are not authorized to assume, that the deed of covenant, (the only one that was executed) conveyed the land in question. We do not judicially know, what the law of *Pennsylvania* is. It must be alleged and proved, like every other fact. *Hebron* v. *Marlborough,* 2 *Conn. Rep.* 18. *Mostyn* v. *Fabrigas, Cowp.* 174. *Phill. Ev.* 301. *notis.* And if the land was conveyed by the articles of agreement, the plaintiff has not assumed this ground in his declaration ; and instead of recovering on the covenant throughout, he must totally fail, by reason of the variance between the covenant and the facts averred.

It is an established rule, requiring, perhaps, some modification, that, where the plaintiff's stipulation constitutes only *a part* of the consideration of the defendant's contract, and the defendant *has actually received a partial benefit,* and the breach of the plaintiff may be compensated in damages, an action may be maintained by the plaintiff without averring performance. 1 *Chitt. Plead.* 313. 1 *Wms. Saund.* 320. *b. Boone* v. *Eyre,* 1 *H. Bla.* 273. Duke of *St. Albans* v. *Shore,* 2 *H. Bla.* 279. *Campbell* v. *Jones,* 6 *Term Rep.* 573. The reason

assigned, is, that, when a party has received *part* of the consid- eration for his agreement, it would be unjust, because he has not had *the whole*, that he should enjoy the part received, without any compensation. But, to render this rule available, the plaintiff must have averred in his declaration performance of, at least, a part of that, which he had covenanted to do, or that otherwise the defendants have received a partial benefit. 1 *Wms. Saund.* 320. *c.* 1 *Chitt. Plead.* 314. Now, the plaintiff has made no such averment, but, by necessary implication from his declaration, the contrary is apparent; and the defendants have had no call on them to dispute the above fact. The court, in the face of the plaintiff's declaration, and without averment or hearing, cannot assume an important and controvertible fact in his favour.

Having removed out of the way, the propositions principally relied on, in the arguments, I will refer to two established rules, decisive of the case before us.

The first of them is this; that, when two acts are to be done *simultaneously*, as where *A.* covenants to convey an estate to *B.*, and in consideration thereof, *B.* covenants to pay *A.* a sum of money, *on the same day;* neither can maintain an action, without shewing performance, or an offer to perform, on his part. 1 *Wms. Saund.* 320. *c.* 1 *Chitt. Plead.* 114. and the cases there cited. On this established rule, neither party is obliged to perform the first act; but until such performance, there exists no claim by one against the other. The application of this principle, to the third instalment in the covenant, is obvious, and, in my judgment, conclusive. The plaintiff covenanted, on or before the 1st of *June* 1817, "to confirm unto the defendants the said undivided two third parts of the described land, by deed in fee-simple." On the other hand, the defendants contracted, on the same day, to pay the plaintiff 500 dollars, and at the execution of said deed, to secure the sums remaining due, by bond and mortgage of the premises. These are mutual conditions, and until performance, or an offer to perform, on the part of the plaintiff, he had no claim to the correspondent consideration, on the defendant's part. This result is confirmed, if confirmation were needed, by the nature of the stipulations. The defendants were to be invested with a title to the land purchased, as well to compensate them for their previous advancements, as to enable them to give security for the payments to become due, at a future period. Vid. *Green* v. *Rey-*

New-Haven,
July,
1821.

Bean
*v.*
Atwater.

nolds, 2 *Johns. Rep.* 207. *West* v. *Emmons,* 5 *Johns. Rep.* 179. *Gazley* v. *Price,* 16 *Johns. Rep.* 267.

When a day is appointed for the payment of money, and this is to happen after the performance of that which is the consideration of it ; no action for the money can be maintained before the performance. *Thorpe* v. *Thorpe,* 12 *Mod.* 462. 1 *Wms. Saund.* 320. *b.* 1 *Chitt. Plead.* 313. This rule is applicable to all the instalments subsequent to the third, which I have already disposed of. The payments were all of them to be made posterior to the execution of the plaintiff's deed, confirming the title to the land in question. The plaintiff's performance, of consequence, was a condition precedent to their execution.

The penalty subjoined to the articles of agreement, and entirely collateral to it, was designed to secure their performance, and is, in no respect, indicative of the parties' intention. To recover this penalty, he plaintiff has brought an action of debt ; to entitle himself to which, he must shew, that he has " punctually, exactly and literally fulfilled his part of the contract." 1 *H. Bla.* 279. This, in my opinion, he has utterly failed to do.

PETERS and BRAINARD, Js. were of the same opinion.

CHAPMAN, J. The plaintiff, after having " *granted, bargained and sold*" the lands in question to the defendants, their heirs and assigns, covenants, on or before the first day of *June* then next, to *confirm* the same to them, their heirs, &c. And the defendants covenant with the plaintiff to pay him *therefor* the sum of 4000 dollars, by instalments, two of which are to be paid before the said first day of *June,* one on that day, and the residue at periods subsequent ; which covenants are expressed to be " for and in consideration of the covenants, contained in said articles *to be performed and payments to be made* ;" and the covenants are secured on each side, by a penalty.

As the plaintiff has not averred performance, on his part, of the covenant *to confirm* the lands in fee-simple, it becomes essential, to test the correctness of the Judge's charge, to determine, whether the covenants on the part of the defendants are dependent or independent. It is admitted, however,

that the covenants to pay the two first instalments are independent ; but it is insisted, that all the others are dependent.

In giving a construction to the articles in question, it may be useful to resort to a few established rules, and then enquire whether the case in question comes within their application.

And first,—" where the covenant goes only to a *part* of the consideration on both sides, and a breach may be paid for in damages, such covenant is independent." *Boone* v. *Eyre,* 1 *H. Bla.* 273.  If I do not much deceive myself, the case under consideration comes clearly within this rule.  It is material to observe, that the plaintiff covenants merely to *confirm* the lands, &c. not to *convey* them.  This he had done expressly, by the articles.  It would be difficult to find words more strictly appropriate for that purpose than those there used :— " hath granted, bargained and sold, and by these presents, doth grant, bargain and sell to the parties of the second part, their heirs and assigns," &c.

Wherever the common law prevails, these words, in an indenture, will convey a fee-simple ; and we are to presume, till the contrary is proved, that the common law prevails in the state where the lands in question lie.  The executory covenant, on the part of the plaintiff, is, therefore, nothing more than a covenant for *further assurance ;* a covenant usually inserted in conveyances in *England*, and in those states, which have adopted her common law.  In *Connecticut*, a fee-simple in equity only would pass, because the mode of executing deeds, so as to pass the legal title, is regulated by statute.

In an action on such a covenant, provided the fee passed, by the first conveyance, the party could recover but nominal damages.   The plaintiff had, therefore, substantially performed his covenants ; has lost his lands, and lost 3000 dollars of his purchase money.   Had a contrary decision been had, the plaintiff would have recovered his money ; and the defendants would, at law, but certainly in equity, have been entitled to the lands.

But should I admit, that the covenants on both sides, were executory, I should be of opinion, that they were independent ; for there is another rule often resorted to, in solving questions of this sort, found in the case above cited, which would seem decisive of this case ; *viz.* If the parties trust to the covenants or promises of each other, and not to the per-

formance of them, the covenants &c. are independent : Each trusts to his remedy.

In the case under consideration, the parties did expressly trust each other ; for the defendants did covenant to pay 1000 dollars, before they were to receive the deed of confirmation, and the plaintiff was to execute such deed, on the payment of 1500 dollars of the purchase money only.

If this does not prove, that each trusted the other, it would be difficult to find a case where they did.

The very words made use of shew, expressly, that they did, not only as to part, but as to the whole :—" In consideration of the herein-after-mentioned covenants *to be* performed, (not performed,) each covenants, &c."

The time when each is to perform, is specified ; and there is not the slightest intimation, that the performance on the one part, depended, at all, on that of the other.

Further to illustrate the position, which I maintain, I will suppose the defendants had sued the plaintiff, for a breach of the covenant to confirm the title ; could the plaintiff have said, I will retain the 1000 dollars you have paid me, and keep my lands too ? Would not this have been manifestly unjust ; and should such a construction be put upon an instrument, did it admit of any other ?

If further arguments were necessary to prove the covenants independent, I would call to my aid the fact, that the performance of them is secured, by a *penalty*. This alone proves, that each trusted to his remedy, and not to the performance of the covenants, as a condition precedent.

A few cases, which I will cite, it is believed, will support the principles contended for.

*A.* covenanted with *B.* to serve him a year ; and *B.* covenanted to pay him 10*l.* These covenants were holden to be independent. 1 *Wms. Saund.* 320. in a note. Several other cases, in the same note are referred to, as supporting the same doctrine.

The case of *Boone* v. *Eyre,* 1 *Hen. Bla.* 273. before referred to, was as follows. " *Boone* conveyed to *Eyre* the equity of redemption of a plantation, in the *West-Indies,* together with a stock of negroes, in consideration of 500*l.* and an annuity of 160*l.* for life, and covenanted he had a good title to the plantation, and was lawfully possessed of the negroes, and that he (*Eyre*) should quietly enjoy, &c. ; and *Eyre* covenanted that *Boone* well and truly performing *every thing therein con-*

*tained* on his part to be performed, he would pay the annuity.

Here, at first view, regarding the language only, and not the general intent, it would seem as if *performance* was a condition precedent, and that the annuity could not be demanded without it. But the court decided otherwise.

The case of *Campbell* v. *Jones*, 6 *Term Rep.* 570. is a case still stronger in favour of the principles above laid down.

There *A.* in consideration of 250*l.* paid by *B.*, and of the further sum of 250*l.* to be paid &c. covenanted, that he, with all expedition, would instruct *B.* in a certain mode of bleaching linen, (for which he had obtained a patent) and *B.* covenanted that he would, on the 24th of *February*, 1794, or sooner, if *A.* should before that time have instructed him, pay the further sum of 250*l.* These covenants were holden independent.

The case of *Sears* v. *Fowler*, 2 *Johns. Rep.* 272. carries the principle still further; and is cited merely to shew how far it has been carried.

Indeed, it seems to be a rule, which has no exception, that where one party covenants to do several things, at different times, and the other to make payment, by instalments, such covenants are independent, unless *expressly* made otherwise. Each necessarily *trusts* the other, as in this case, and must look to his remedy for non-performance.

BRISTOL, J. was of the same opinion.

New trial not to be granted.