The inhabitants of the town of WOODSTOCK *against* HOOKER.

A bastard, born in *Massachusetts,* of a mother having a settlement in this state, takes such settlement of his mother.

This was an action on the statute prohibiting the bringing into and leaving in this state of poor persons, not being inhabitants of the town in which they are left, (*p.* 282. *tit.* 51. *s.* 10.) to recover the penalty given by that statute. The declaration stated, that the defendant, on the 10th of *October,* 1822, brought into this state *Lotsena, Therat, Barna* and *Horace Smith,* all poor and indigent persons, and left them in the town of *Woodstock,* they not being inhabitants of that town.

The cause was tried at *Brooklyn, January* term, 1825, before *Brainard,* J.

The paupers mentioned in the declaration were the illegitimate children of *Dorcas Brown;* who, at the time of the birth of each of these children, had a legal settlement in *Woodstock.* They were born at *Southbridge,* in *Massachusetts;* and were carried thence to *Woodstock,* when they were between three and eight years of age. Upon these facts the defendant claimed, that the paupers were inhabitants of *Woodstock;* and that he had by law good right to transport them thither. The direction given by the judge, was the reverse of this; and the jury returned a verdict for the plaintiffs. The defendant moved for a new trial.

*G. Learned* and *Welch,* in support of the motion, contended, That a bastard child, born of an inhabitant of this state, takes the settlement of his mother. 1 *Swift's Syst.* 169. 1 *Swift's Dig.* 48. The mother is entitled to the guardianship of her illegiti-

*Windham,*
*July,*
*1825.*

*Woodstock*
*v.*
*Hooker.*

mate children; and for this purpose, she has a right to have them with her. The fact that the children were born in *Massachusetts*, does not vary the result from what it would be, if they had been born in another town in this state. By our law, this fact makes no difference. By the law of *Massachusetts*, the settlement of an illegitimate child follows that of his mother. *Petersham* v. *Dana*, 12 *Mass. Rep.* 429.

*Goddard* and *Cleaveland*, contra, contended, 1. That at common law, bastards, being incapable of *deriving* a settlement, are settled where they were born. 1 *Bla. Comm.* 362. *Delavergne* v. *Noxon*, 14 *Johns. Rep.* 334. If, therefore, this case is to be governed by the common law, the paupers are settled in *Southbridge*.

2. That as there is no finding as to the law of *Massachusetts*, the common law must be presumed to be the law of the state. *Sterling* v. *Plainfield*, 4 *Conn. Rep.* 114.

PETERS, J. The question is, whether the paupers are settled in *Southbridge*, where they were born, or in *Woodstock*, where their mother was then settled. By the common law, a bastard is *nullius filius*, and derives nothing from his parents; for he has no parents; and is settled where born. 1 *Bla. Comm.* 485. But it has been discovered in this state, that a bastard is the child of his mother, and capable of inheriting estate, and deriving a settlement from her. *Brown* v. *Dye*, 2 *Root* 280. *Heath* v. *White*, 5 *Conn. Rep.* 228. *Canaan* v. *Salisbury*, 1 *Root* 155. By the statute of *Massachusetts*, passed in 1793, *chap.* 33. *sec.* 2., "printed by authority," whereof we are bound to take notice judicially, (a) it is provided, that illegitimate children shall follow and have the settlement of their mother, at the time of their birth, if any she then have within the commonwealth; but neither legitimate nor illegitimate children shall gain a settlement by birth in the place where they may be born, if neither of their parents then had any settlement there." *Dorcas Brown* had no settlement in the commonwealth. Her children born there, are, therefore, in the same predicament, unless the common law of *England* is paramount to the statute of that state.

In *Canaan* v. *Salisbury*, 1 *Root* 155. it was decided, by the superior court, that "a bastard is settled with her mother; and

(a) *Stat. Conn.* 48, *tit.* 2. *sect.* 50.

this," added the court, "is agreeable to the law of nature and reason." The correctness of this decision has never been questioned, and was expressly sanctioned, by this Court, in *Hebron* v. *Marlborough*, 2 *Conn. Rep.* 18. "By the common law," said the late Ch. J. *Swift*, in giving the unanimous opinion of the Court, "bastards acquire a settlement in the place where born, unless the mother has been removed into the place, with a view fraudulently to subject such place to their support. In this state, the rule has been adopted, that where the mother has a settlement, the bastard follows it ; but if the mother has no settlement, the place of birth is the place of settlement." As the statute of *Massachusetts* has deprived these unfortunate children of a common law right, it would be hard indeed, to deprive them of a natural right, by separating them from their mother ; and it would be still harder to subject an inhabitant of *Woodstock*, whose wife should happen to step across the line into *Massachusetts*, and there have a child born, to a penalty of 67 dollars, for bringing home her infant.

I advise a new trial.

The other Judges were of the same opinion.

New trial to be granted.