Dunn v. Moore et al.

---

JOHN H. DUNN, Appellant, *v.* JOHN D. MOORE *et al.*, Appellees

APPEAL FROM SCOTT.

The intention of the parties to a contract is to be ascertained rather from the order of time in which the acts are to be done, than from the structure of the instrument, or the arrangement of the covenants.

Where a day which follows the performance of the consideration is named for the payment of money, an action will not lie for the money before performance.

THIS cause was originally brought before a justice of the peace, and was taken by appeal to the Circuit Court. It was then heard before WOODSON, Judge, at April term, 1854, of the Scott Circuit Court.

M. McCONNEL, for Appellant.

N. M. KNAPP, for Appellees.

TREAT, C. J.   Dunn sued Moore, Kemp and Bunch upon the following instrument:

" $60.   We, or either of us, the undersigned, do promise to pay or cause to be paid unto the bearer, John H. Dunn, teacher, the sum of sixty dollars, at expiration of a three months' school, commencing 26th day of July, A. D. 1852.

JOHN D. MOORE,
WILLIAM M. KEMP,

Dated this 21st July, 1852.                         JAMES W. BUNCH."

A payment of $20 was indorsed on the instrument.   On the trial, the plaintiff introduced the instrument, and proved that the school was commenced on the 26th of July, 1852.   It was proved on the part of the defense, that the school was kept for one month only.   On this evidence, the court rendered a judgment in favor of the defendants.

By a fair construction of the instrument, the teaching of the school was the consideration for the promise of the defendants. The promise was made to the plaintiff in the character of teacher, and the money was to be paid at the expiration of the school.   The plaintiff was to teach the school for three months, and receive sixty dollars as a compensation for his services. The instrument amounts to an undertaking by the defendants, to pay the plaintiff that sum when the school should be completed.   That, we doubt not, was the real understanding of the parties.   And the instrument may be so interpreted, without doing any violence to the established rules of construction. The intention of the parties to a contract is to be ascertained, rather from the order of time in which the acts are to be done, than from the structure of the instrument or the arrangement of the covenant.   2 Smith's Leading Cases, 12 ; *Goodwin* v. *Lynn*, 4 Washington C. C. 714; *Barruso* v. *Madan*, 2 Johnson, 145 ; *Morton* v. *Lamb*, 7 Durnford and East. 125.   The teaching of the school was a condition precedent to the payment of the money.   It was incumbent on the plaintiff to perform the condition before he could enforce payment of the money.   When a day is fixed for the payment of money, and the day is to happen after the performance of that which is the consideration of

it, no action for the money can be maintained before perform-
ance. *Bease* v. *Atwater*, 4 Conn. 3; *Johnson* v. *Reed*, 9 Mass.
78; *Brockenbrough* v. *Ward's Administrator*, 4 Randolph, 352.
The evidence showed that the plaintiff kept the school for one
month only. He, therefore, could not claim the whole of the
stipulated compensation. He was, at most, only entitled to
one-third of the amount. As he received that sum before the
bringing of the suit, he had no cause of action against the
defendant.

The judgment must be affirmed.

*Judgment affirmed.*