Osborne *v.* Elliott.

---

## OSBORNE *et al. vs.* ELLIOTT *et al.*

Where promises are dependent, neither party can maintain an action against the other, without showing performance, or an offer to perform.

A. agreed to convey to B. a certain vessel called the *Mariposa,* and B. gave his promissory note for the consideration money, payable at a future day; *Held,* that A. being still the holder of the note, could not bring an action thereon, without showing that he had conveyed the vessel to B. or had tendered a conveyance. And *held* further, that the tender of a bill of sale executed by A. *as attorney for* C. the real owner, was neither performance nor an offer to perform.

APPEAL from the district court of the district of San Francisco. The facts are sufficiently stated in the opinions given in the case.

*Mr. Robertson,* for plaintiffs.

*A. T. Wilson,* for defendants.

*By the Court*, BENNETT, J. The note on which this suit is brought, having been executed at the same time and concerning the same matter as the contract set up by the defendants, must be taken as forming a part of it, and the whole must be construed together. Viewed in this light, the defendants were required, by the terms of the contract, to pay the note; and the plaintiffs, on the payment of the note, to execute and give to the defendants a good and valid title to the ship. The promises were dependent promises, and the plaintiffs cannot maintain an action without showing performance or an offer to perform. (*Topping* v. *Root*, 5 *Cow.* 404; *Johnson* v. *Wygant*, 11 *Wendell*, 49; *Slocum* v. *Dispard*, 4 *Wendell*, 615; *Lawrence* v. *Taylor*, 5 *Hill*, 107.) The contract to transfer the ship was made by the plaintiffs in their individual capacity, and not by the owners through them as their agents. They should, therefore, before bringing suit, have tendered to the defendants a good and valid title to the ship from themselves as vendors. But the very bill of sale, which one of them executed in the name of both, shows upon its face, that R. B. Forbes of Boston, Massachusetts, was the owner of the ship, and that the plaintiffs had no title; and the bill of sale is, at the same time, executed by them as principals and not as agents of Forbes. This instrument, even if it had been tendered to the defendants, would have been no offer to comply with the stipulation into which the plaintiffs had entered. Nor can it make any difference, if, as was alleged, the defendants understood, at the time when they executed the note, that the plaintiffs did not then own the ship. It might have been in contemplation, that the latter were thereafter to procure the title and thus put themselves in a position to convey, when the note should become due. Whether this be so or not, the rule of law is indisputable, that all conversations and intentions of the parties, before and at the time of making the contract, are contained in it; so that, to the written instrument alone must we look, for the purpose of collecting their meaning. It appears from that, that the plaintiffs, individually, and not as agents, bound themselves to convey. It is unnecessary to examine minutely the numerous points made on the argument,

Osborne *v.* Elliott.

upon exceptions taken to the decisions of the court below, inasmuch as the above view of the case disposes of them all, and shows that, if the court had charged in favor of the plaintiffs in all respects, and the jury had found a verdict accordingly, it ought to be set aside as wholly unsustained by evidence upon a material question. The passages cited by the plaintiffs' counsel from Pothier do not apply. They relate to an executed sale; and there is in this respect no difference between the civil and the common law: but here the contract was executory. The transfer of the title to the ship was not to take place until a future day, and the possession of the defendants was not that of vendees. The offer by the defendants to pay the amount of the note, is not to be regarded as a tender or an admission of their existing liability, but rather as an offer to perform their stipulations in the contract upon the performance by the plaintiffs of their part. This, although we regard it as irrelevant in their plea, is but surplusage, which the court below might have stricken out or disregarded. Judgment affirmed.

Ordered accordingly.

HASTINGS, Ch. J., (*dissenting.*) By the terms of the contract the plaintiffs were not bound to make a good and valid title to the defendants of the ship *Mariposa* until payment of the note, for the collection of which this suit was instituted. The plaintiffs were then to make the transfer, so that the consideration is concurrent and the conditions mutual. The plaintiffs were not bound to aver performance or an offer to perform before their right of action accrued : yet before the commencement of the action, they offered to perform and offered to be responsible for any defect which might exist in their power to convey and tendered bonds of indemnity with security, and no allegation of the insufficiency of such indemnity was set up by defendants. And here it may be remarked, that the evidence shows that, at the time of making the contract, the plaintiffs' power over this vessel was fully understood by defendants, and it was not until after she had made a voyage to the Sandwich Islands and her

return to the port of San Francisco that the defendants sought to cancel the contract. The defective instrument finally executed by plaintiffs transferring the vessel, does not prove their inability to execute a valid transfer. I see nothing in the record which proves that Osborne had not the power to make a legal transfer. The absence of Forbes, (the owner's) power of attorney to Russell & Co., does not prove that it was never executed. The defendants must affirmatively prove the want of title or power to transfer, as, in the case of fraud practiced in the sale of a patent right, the vendor not having title, evidence of this description should be adduced by the defendants. (*Tousey, &c.* v. *Shook*, 3 *Blackford*, 268 ; 3 *Scam.* 237.) The most that defendants pretend to establish is, that, in the papers submitted to them by plaintiffs, there did not appear a power of attorney from the owner to an intermediate party ; this does not prove its non-existence. It is very natural that, in transactions of this nature by commercial men, such a paper should be with the absent intermediate party. If the defendants believed that such a paper did not exist, they could have proved the fact by the owner himself or his intermediate attorneys in fact, who are competent witnesses, as well as any other matter of defense which they might set up. There is nothing in the record which shows unfair dealing on the part of the plaintiffs, no concealment of facts or papers, nor is it alleged that there was any proved. This note was given for a good and valid consideration, viz.: the covenant of plaintiffs to make title to, and deliver possession of, the ship for a voyage to the islands ; and in the absence of fraud or misrepresentation or entire failure of consideration I can conceive of no defense that could be set up against the collection of the note. The court hold the plaintiffs strictly to the terms of this contract, excluding all evidence of the knowledge of the defendants of any alleged defects in the power of one of the plaintiffs or both to make title. It is clear that, if the plaintiffs are confined to the letter of the contract, the defendants should be as strictly held to comply, on their part, and make payment. If the defendants had paid the note, Osborne could have executed the transfer in the name of Forbes,

Osborne v. Elliott.

and then the plaintiffs would have complied on their part. The opinion of the court leads to the conclusion, that the defendants having made a contract with full knowledge of all the facts, pretending no fraud or misrepresentation, had the right to rescind the same without consent of plaintiffs—then this contract is to be considered as rescinded, and if so, the defendants have a right to recover all money paid, and authorities need not be cited to show that a contract cannot be in part rescinded. It must be cancelled *in toto*, and the parties restored to their original relation to each other. The conduct of the parties estopped them from exercising the power of rescission. On the 12th day of May 1850, their attorney examined the papers and reported that a good title or transfer could not be made; on the 15th day of the same month they make a payment. In the case of *Brinley* v. *Tibbets*, (7 *Greenleaf*, 70,) the court says, a party having once been entitled to rescind a contract, because it has not been performed in a reasonable time, if he do any act which amounts to an admission of the existence of the contract, cannot afterwards elect to treat it as void; and so we may apply the same principle to this case. The defendants having once had the right to rescind, after knowledge of such right by advice of counsel, if they do an act which amounts to an admission of the contract, as they did by the payment on the 15th of May, it is out of their power to treat the contract as void. The same principle is also laid down in the case of *Lindsey* v. *Gordon*, (1 *Shepley*, 60.) The court held that plaintiffs should have tendered a good and valid title before bringing the suit. I think a readiness on the part of the plaintiffs to make the title or transfer, was sufficient. (*Chitty on Contracts*, 739, *and the cases cited in the 5th American Edition*.) The execution of the papers in the names of the plaintiffs, when they should have been executed in the name of the principal, does not prove their inability to cause the final papers of transfer to have been put in proper form, so as to have imparted to the defendants the ownership of the vessel. From a careful inspection of this record, I see no evidence to show either inability or refusal on the part of the plaintiffs to substantially comply with the con-

tract. The alleged tender seems to have been made with too much hesitation to amount to a legal tender of the money due on this note. It was no tender, nor do I consider it an offer to perform. The instructions of the court below evidently led the jury to a finding against the plaintiffs. I therefore think the judgment should be reversed.