JOSEPH L. FOLSOM, Respondent, *v.* LORING BART-LETT, Jr., Appellant.

An endorsee, after maturity, takes the same interest that the endorser had, and his claim is subject to the same defence.

Where by an agreement for the sale or purchase of land, the price is payable in instalments, for which the purchaser executes his notes payable at certain times, and the vendor agrees to convey on payment of the last instalment, and suit is brought on the notes after all the instalments have become due; the tender of a conveyance by the vendor is a condition precedent to the right to sue, and the purchaser may insist on the want of such tender, against an endorsee, after maturity.

APPEAL from the Fourth Judicial District.

This suit was brought by Folsom, as indorsee of two promissory notes, each for $975, dated August 1st, 1850, made by Bartlett, payable, at sixty and ninety days, to the order of one Buckelew, and by him indorsed to the plaintiff, subject to a credit of $550, paid to Buckelew on the 19th of October, 1850. Defendant pleaded, first, a general denial. Second, that the notes were indorsed to the plaintiff after maturity; that the consideration of the notes was an agreement between Buckelew and the defendant, by which the latter purchased of Buckelew a lot in San Francisco, for $3900, payable in four equal instalments, for the last two of which the notes in question were given; and Buckelew agreed, on payment of all the instalments, to convey or cause to be conveyed to the defendant or his assigns the said lot, by good and sufficient deed, &c.; that all of the instalments had become due before the commencement of the suit; and that Buckelew had never conveyed or tendered a conveyance of the lot, nor caused the same to be done; nor was he competent or capable to do so.

The cause was tried by the Court, without a jury. The plaintiff having proved his case, the defendant called the indorser; who testified that the notes were given for the consideration stated in the plea; that they were indorsed to the plaintiff after maturity; and that no conveyance had been made or tendered to the defendant. The Court held that the facts testified by the witness constituted no defence; and the defendant excepted.

The Court gave judgment for the plaintiff for the amount of principal and interest due on the notes. The defendant appealed.

*A. T. Willson*, for the appellant, contended that the notes and agreement were to be taken together, as making one contract; and that the tender of a conveyance was a condition precedent to the right to sue on the notes. He cited Osborn et al. *v.* Elliott et al., in this Court; and numerous other authorities.

*F. C. Billings*, contrà, contended that the doctrine of mutual and dependent covenants did not apply; and that the defendant must resort to Buckelew for a breach of his agreement to convey. Otherwise, the plaintiff would be without remedy, as he could neither convey, nor compel Buckelew to do so.

Chief Justice MURRAY delivered the opinion of the Court. Upon the trial of this cause, the Court below held that the facts that the notes upon which the suit was brought were given in consideration of a conveyance of real estate, to be made by the plaintiff's indorser; upon the payment of the last note, and that the indorser had never made or tendered such conveyance, constituted no sufficient defence. This case comes clearly within the rule laid down by this Court, in the case of Osborn et al. *v.* Elliott. The covenant in the bond to convey, and the promise to pay the notes, must be taken as dependent agreements. The notes were indorsed after maturity; and the indorsee, consequently, took them subject to all legal and equitable defences. The fact that this action is brought upon the defendant's notes, and not upon an undertaking or covenant in the bond, cannot alter the case. An indorsee after maturity takes the same interest as the indorser had; and his claim is subject to the same defence.

Judgment of the Court below reversed, and new trial ordered, with costs.