## JOSEPH BARRON *v.* DANIEL FRINK.

JUDGMENT WHERE ONE COUNT IS BAD.—If the complaint contains more than one count, and the verdict is general, and one of the counts does not state facts sufficient to constitute a cause of action, the judgment will be reversed.

COMPLAINT ON EXECUTORY CONTRACT.—If the contract sued on is executory, and each party has something to perform before the other can be placed completely in default, the party seeking to enforce it against the other must aver in his complaint a performance, or tender of performance, or a readiness to perform, on his part.

COMPLAINT ON CONTRACT TO BUY AND SELL HAY.—A complaint, on a contract in which the defendant agrees to purchase a given quantity of hay, then in a stack, from the plaintiff, and pay a fixed sum therefor at a fixed time, and the hay to be weighed at the stack, should aver, if the hay has not all been delivered, a readiness or offer on the part of the plaintiff to deliver it.

VERDICT ON BAD COMPLAINT.—A judgment on a complaint that does not state facts sufficient to constitute a cause of action, cannot be sustained.

VERDICT ON IMPERFECT COMPLAINT. — The Court will presume, after a verdict, that facts imperfectly alleged in a complaint have been proved, but it will not presume that a material fact not at all stated, has been proved.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Thomas Bodley,* and *Patterson, Wallace & Stow,* for Appellant, argued that if either count in the complaint was radically defective, plaintiff could not recover, and that the first count was radically defective in not averring a readiness to perform on the part of plaintiff, and that the defect was not cured by the verdict; and on the last point cited *Bartlett* v. *Crozier,* 17 Johns. 455 ; and *Vadakin* v. *Seper,* 1 Aiken, 289.

*S. O. Houghton,* and *C. Temple Emmet,* for Respondent, argued that the complaint was on an executed contract; that during the four months the contract was executory, but that after the four months it ceased to be executory so far as the plaintiff was concerned, and that his money was then due whether the defendant removed the hay or not.

By the Court, CURREY, C. J.:

The defendant agreed in writing to purchase of the plaintiff a quantity of pressed hay, estimated to amount to one hundred and ninety-three tons, at the price of thirty-five dollars a ton in gold coin, which he promised to pay as follows: One thousand dollars upon the execution of the agreement, which was dated the 29th of October, 1864; one thousand dollars in thirty days from that date, and the balance as the hay should be removed by the defendant from the place where it was then in stack. The agreement further provided that the hay should be weighed at the stack, and the amount ascertained by such weighing, and that all the money, the price thereof, should be paid before the expiration of four months from the date aforesaid, and that the hay should be removed by the defendant within that time.

The complaint contains three counts. The first sets forth the agreement in *hæc verba*, with averments that thereby the defendant agreed to purchase from the plaintiff, and the plaintiff agreed to sell to the defendant the hay, at the price mentioned, which the defendant was to pay in full on or before the last day of February, 1865; that the amount of said hay was one hundred and ninety-three tons; that the defendant had paid on account thereof four thousand three hundred and fourteen dollars and sixty-five cents, and that there was remaining due the plaintiff two thousand four hundred and forty dollars and thirty-five cents, which the defendant failed and refused to pay, though thereunto requested. The second count is a common count for goods, wares and merchandise by the plaintiff sold and delivered to the defendant; and the third a common count for goods, wares and merchandise bargained and sold by the plaintiff to the defendant. The defendant answered, traversing generally the allegations of these respective counts of the complaint, and also traversing specially the plaintiff's right to recover, by reason of a breach of the agreement on his part. The cause was tried before a jury, who found a verdict for the plaintiff in the sum of

twenty-one hundred dollars, which the defendant on motion sought without success to have set aside and a new trial granted. From the judgment entered on the verdict, and from the order refusing to grant a new trial, the defendant has appealed.

The appellant asks this Court to reverse the judgment on the ground that the first count of the complaint is radically defective—that is, that it does not state facts sufficient to constitute a cause of action.

### Complaint on executory contract.

The first count of the complaint is upon the contract set forth, but it does not contain any averment of performance of it or readiness to perform it on the part of the plaintiff. If radically insufficient on this ground, the judgment must be reversed, notwithstanding the other counts may be good, for the reason that the verdict is general and it is not certain upon which of the counts it was founded. (*Hunt* v. *The City of San Francisco*, 11 Cal. 258; 1 Chitty's Pl. 411; *Gibbs* v. *Dewey*, 5 Cow. 505; *Barnes* v. *Hurd*, 11 Mass. 59.)

The contract between the parties was executory; each had something to perform thereafter before the other could be placed completely in default. Each was required to perform his part of the contract, or offer to perform it, or show himself ready to perform it, before a cause of action could arise in his favor against the other. The portion of the hay in possession of the plaintiff when this action was brought remained to be delivered. The delivery of it was the duty of the plaintiff upon proper demand and performance on the part of the defendant, and if for any just cause it was not delivered the plaintiff ought to have averred his offer or readiness to deliver it upon performance of the defendant of his agreement. In *Dunham* v. *Mann*, 4 Selden, 512, it was held that in an executory contract for the sale of a quantity of iron, to be paid for on delivery within a certain period, the obligations of the one party to pay and the other to deliver were mutual and dependent; and that in an action by the seller for the price, it was

not enough simply to show the default of the purchaser, but that he must show he was ready or offered to deliver the property.    That whichever party in such case seeks to enforce the contract against the other must show performance, or a tender of performance, or a readiness to perform on his part, and that until that is shown he himself is in default.

### Judgment on bad complaint.

There is no rule of law better settled than that the allegations and proofs must correspond and though sufficient may be proved to entitle a plaintiff to recover, provided his complaint contains the essential averments, yet unless the complaint contains facts constituting a cause of action a recovery and judgment in the action cannot be sustained.   In *Bartlett* v. *Crozier*, 17 John. 457, Judge Kent said : " The Court are never to presume a cause of action, even after verdict, when none appears ;" and in support of his opinion he quotes the language of Lord Ch. B. Gilbert, that " if anything essential to the plaintiff's action be not set forth there, though the verdict be found for him, he cannot have judgment ; because, if the essential part of the declaration be not put in issue, the verdict can have no relation to it, and if it had been put in issue it might have been false.   And such matter as is the foundation of the action not being alleged there is no ground for the judgment."   The Court will intend after verdict in support of it that facts imperfectly alleged have been proved, but they cannot presume that a material fact not at all stated has been proved.   (Ib. 458 ; *Rushton* v. *Aspinall*, Doug. 679.) It was said by Mr. Justice Buller, in *Spieres* v. *Parker*, 1 T. R. 146, that nothing is to be presumed after verdict but what is expressly stated in the declaration, or what is necessarily implied from the facts which are stated.   (See also *Bishop* v. *Haywood*, 4 T. R. 470.)   We think the first count of the complaint radically insufficient for the reasons above indicated.

Judgment reversed and new trial ordered.