# JAMES HILL *v.* T. L. GRIGSBY, AND JOHN W. SMITTLE.

CONTRACTS TO CONVEY REAL ESTATE ON PAYMENT OF PURCHASE PRICE—COVENANTS OF, WHEN· DEPENDENT.—In a contract for the sale of real estate, where the purchaser covenants to pay the purchase money, and the vendor covenants to convey the premises at the time of payment, or upon the time of the payment of the money, or as soon as it is paid, the covenants are mutual and dependent, and neither can sue without showing a performance, or an offer to perform on his part. Performance, or an offer to perform, on the one part, is a condition precedent to the right to insist upon a performance on the other part.

IDEM—COVENANTS OF, WHEN INDEPENDENT.—Where the purchase money is payable in installments, and the conveyance is to be executed on the last day of payment, or on the payment of the whole price, or at any previous day, the covenants to pay the installments falling due before the time for the execution of the conveyance are independent covenants, and suit may be brought thereon without conveying or offering to convey.

IDEM—WHEN DEPENDENT.—The covenants to pay the installments falling due on or after the day appointed for the conveyance are dependent covenants; and the vendor, in his suit to recover the same, whether he sues for those alone, or joins installments that became due before the time, must show a conveyance or offer to convey.

CONSTRUCTION OF CONTRACT TO CONVEY REAL PROPERTY.—Where H. agreed to execute and deliver to G. and S. a good deed, conveying all the right, title, and interest of H. in and to one undivided half interest in a certain mill and premises—said deed to be sufficient to convey one undivided half interest in and to said property, free of incumbrance, "upon condition" that G. and S. should pay to H., in specified installments, the sum of nine thousand and eight hundred

dollars, with certain interest, said deed to be executed as soon as said sums are paid: *Held*, first, that the execution of the deed and the payment in full of said sums were intended to be simultaneous acts, and the covenants for their performance are dependent covenants; second, that in an action by H. against G. and S., after all said installments had fallen due, to recover said sums, H. could only recover on delivery, or tender of delivery of said deed ; and, third, that the covenant of H. to convey would be satisfied by a conveyance or tender thereof of the right, title, and interest which H. had in the undivided half of said property at the date of said agreement.

APPEAL from the District Court, Seventh Judicial District, Napa County.

This was an action upon nine promissory notes made jointly by defendants to plaintiff, dated June 1st, 1865. The complaint was in the usual form.

The answer of the defendants admitted the execution of the notes, and as a defense to the action alleged, that at the time the notes were executed, the plaintiff as vendor, and the defendants as vendees, entered into a contract for the sale and purchase of one undivided half interest in a quartz mill and certain real property in the State of Nevada; that the defendants agreed to pay the sum of eighteen thousand dollars for the property, to be paid by installments, and that the notes sued on were given for the last nine installments; that plaintiff executed a bond conditioned for the conveyance of the property upon full payment of the purchase money; that the whole amount of purchase money was due at the time this action was commenced, and that this action was brought to recover the unpaid portion of the purchase money, including the note given for the last installment; that about ten thousand dollars of the purchase money had been paid; that the notes and bond were executed and delivered contemporaneously, and are parts of one contract for the sale and purchase of said property.

The answer further alleged that plaintiff, before the commencement of this action, executed and delivered to one William G. Hill a deed of conveyance of the identical property described in said bond; that plaintiff had not performed,

or offered to perform, on his part, the conditions of said bond; that neither plaintiff nor said William G. Hill had tendered a deed for said property, and that they had not offered to convey the same upon payment of the purchase money or otherwise.

The answer further alleged that the plaintiff had allowed whatever interest or claim he had in the property to become incumbered with a mechanic's lien; that a decree of a Court of competent jurisdiction had been rendered, directing the sale of said property to satisfy said lien; that the interest of said plaintiff had been sold under said decree, and that the vendee of the purchaser had entered into possession of said property adversely to and to the exclusion of plaintiff and defendants; and that in consequence thereof, plaintiff, at the time this action was commenced, was unable to convey the property, "free from all incumbrance," according to the covenant of the bond.

The answer further alleged that the land described in said bond is public land, and that two pre-emption claims have been so located that both include the land described in the bond; that each of the claimants is proceeding, under the pre-emption laws of the United States, to acquire a title to said land adverse to plaintiff's title or claim.

The answer further alleged that the defendants still hold the bond, and are able and willing to produce the same in Court for cancellation, and prays for a decree annulling the contract for the sale of the property and canceling the notes and bond.

On the plaintiff's motion, the Court struck out of the answer all the defensive matter alleged therein, upon the ground that it is redundant and immaterial. To which ruling the defendants duly excepted.

The plaintiff had judgment as demanded, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*T. J. Tucker*, for Appellants.

The Court erred in striking out the defensive averments of the answer. The bond and notes are parts of one agreement for the sale and purchase of the property, and must be construed together. (*Rawson* v. *Lampman*, 5 N. Y. 461, and cases there cited; *Jackson* v. *McKenny*, 3 Wend. 233; *Holbrock* v. *Finny*, 4 Mass. 569; *Stow* v. *Tifft*, 15 Johns. 458; *Shaw* v. *Leavett*, 3 Sandf. Ch. 163; *Coddington* v. *Davis*, 1 N. Y. 186; *Rogers* v. *Kneeland*. 14 Wend. 116.) Plaintiff had neither performed nor offered to perform, on his part, the covenant in the bond, and consequently he could not maintain this action to enforce payment of the balance of the purchase money. (*Osborn* v. *Elliott*, 1 Cal. 337; *Folsom* v. *Bartlett*, 2 Cal. 163; *Beecher* v. *Conradt*, 13 N. Y. 108; *Johnson* v. *Wygant*, 11 Wend. 49; *Kane* v. *Hood*, 13 Pick. 281; *Parker* v. *Parmele*, 20 Johns. 130; *Jones* v. *Gardner*, 10 Johns. 266; *Gazby* v. *Price*, 16 Johns. 267; *Green* v. *Reynolds*, 2 Johns. 207; *Bank of Columbia* v. *Hagner*, 1 Pet. 455; *Barron* v. *Frink*, 30 Cal. 486; *Williams* v. *Healy*, 3 Denio, 363.)

The answer, if true, established, *prima facie* at least, that plaintiff had placed the title beyond his control, and that he was unable to perform the covenants of the bond. Under such circumstances, equity will not allow the vendor to enforce payment of the purchase money. (*Camp* v. *Morse*, 5 Denio, 161; *Tucker v. Wood*, 12 Johns. 190.)

The answer shows that the vendor's title, at best, is doubtful, and that is a good defense to this action. (2 Sugden on Vendors, 165; Fry on Specific Perf. Cont., Sec. 573; *Judson* v. *Wass*, 11 Johns. 527; *Fletcher* v. *Button*, 4 N. Y. 396; Hilliard on Vendors, 208.)

*Rayle & Pendegast*, for Respondent.

The Court below properly sustained respondent's motion to strike out portions of appellants' answer. The rejected matter could not be made available in this suit as a defense, not giving a right of setoff, and not constituting a counter claim. (*Kurtz* v. *Dunbar*, 5 Duer, 660.)

Payment of the notes in suit is a condition precedent to a right to demand a deed of the premises described in the bond.

It is a well established rule, both in law and in equity, in the absence of fraud in the sales of land, that if the vendor fail to secure himself by covenants, he has no remedy even on failure of title. (2 Kent's Comm. 471; 14 Ves. 144; Cooper's Eq. 308; 2 Johns. Ch. 519; 5 Conn. 528; 15 Martin's La. 235.)

The right of action on the notes was independent of the covenants of the bond, and payment cannot be resisted by setting up as a defense an infraction of said covenants. (21 Wend. 131.) The vendee cannot question the title of his grantor until the consideration money is paid. (*Jackson* v. *Hotchkiss*, 6 Corwin, 401.)

The failure of title is not a plea in bar to the recovery of the purchase money. (21 Wend. 131.) As a general rule, the purchaser cannot rescind the contract for the purchase of land, but will leave the purchaser to his remedy, if he has any, upon his covenants of warranty contained in his deed. (*Simpson* v. *Hawkins*, 1 Dana, 305; 2 Kent's Comm. 473; *Bales* v. *Delavan*, 5 Paige, 300.) The failure of consideration must be total to constitute a defense to a promissory note. (2 Wheaton, 13.) When a note has been given for the purchase money of land with knowledge of a defect of title or an incumbrance, the failure of title is no defense to the note. (2 U. S. Cond. 218.) When the vendee holds on to the bond and retains possession, he cannot resist the payment of the purchase money. (4 Texas, 438.) The payment of the purchase money is a condition precedent to the right to demand title. (9 Texas, 401.)

Before appellants can charge that respondent is in default and incapacitated from making a deed, they are required to pay the notes in suit, and put themselves in condition to demand a deed. (*Greenby* v. *Cheevers*, 8 Johns. 126; 6 Cow. 13; 1 Esp. N. P. 190; 20 Johns. 130; 9 Johns. 126; 2 H. Bl. 123.)

By the Court, RHODES, J.:

The leading question is, whether plaintiff is entitled to recover upon certain promissory notes representing the unpaid portion of the purchase money for certain real estate, sold by the plaintiff to the defendants, without conveying or offering to convey the property. The solution of the question depends upon the construction to be given to the bond or covenant of the plaintiff. The bond, after reciting the purchase and the terms of payment, proceeds as follows: "Now, therefore, the said Hill agrees and binds himself, on condition that the said Grigsby and Smittle shall pay the sum of eighteen thousand dollars, less eight thousand two hundred dollars heretofore paid, with interest, as aforesaid, to execute and deliver to the said Smittle and Grigsby a good deed, conveying all his right, title, and interest of, in, and to the one undivided half interest in said mill and premises herein as aforesaid, which if he shall well and truly do, the above obligation to be null and void and of no effect; otherwise, the above obligation to be and remain in full force and effect. The said deed to be executed by the said Hill as soon as the full sum of eighteen thousand dollars and interest, as above provided, is paid, and to be sufficient to convey to said Grigsby and Smittle one undivided half interest in and to said mill, free from all incumbrance."

In the first clause the plaintiff covenants to convey on condition that the defendants pay the price. These acts were plainly intended to be simultaneous, that is to say, the payment in full and the conveyance. The words " *on condition*" are susceptible of no other interpretation. The second clause was added as if to put the matter beyond question. There the covenant is, to convey as soon as the full sum is paid. The conveyance must, of necessity, be executed concurrently with or before payment in full, or it will not be executed as soon as such payment is made.

Neither argument nor illustration will make the meaning

of the covenants in respect to the time for their performance more apparent.

When the meaning of the terms employed in the covenants is ascertained, the application of the rules of law governing the performance of the covenants is not difficult. In a contract for the sale of real estate, where the purchaser covenants to pay the purchase money, and the vendor covenants to convey the premises at the time of payment, or upon the time of payment of the money, or as soon as it is paid—and they all mean the same thing—the covenants are mutual and dependent, and neither can sue without showing a performance, or an offer to perform, on his part; and performance, or the offer to perform, on the one part, is a condition precedent to the right to insist upon a performance on the other part. (*Barron* v. *Frink*, 30 Cal. 488.)

When the purchase money is payable in installments, and the conveyance is to be executed on the last day of payment, or upon the payment of the whole price, or at any previous day, the covenants to pay the installments falling due before the time appointed for the execution of the conveyance are independent covenants, and suit may be brought thereon without conveying or offering to convey.

The covenants to pay the installments falling due on or after the day appointed for the conveyance are dependent covenants, and the vendor, in his suit to recover the same, whether he sues for those alone or joins installments that became due before the time, must show a conveyance or offer to convey. In these respects, contracts of all kinds are governed by the same rule as covenants.

Questions covering the greater portion, if not the entire ground occupied by those presented here, were considered at an early day in this Court, and the decisions accord with the views here expressed. (*Osborn* v. *Elliott*, 1 Cal. 337; *Folsom* v. *Bartlett*, 2 Cal. 163. See, also, *Barron* v. *Frink*, 30 Cal. 486.) It is very correctly said in *Bank of Columbia* v. *Hagner*, 1 Pet. 455, that "in contracts of this description the undertakings of the respective parties are always considered

dependent unless a contrary intention clearly appears;" and the reason assigned, as well as the rule, would be applicable here were the words of the covenant of doubtful import. "A different construction would in many cases lead to the greatest injustice, and a purchaser might have payment of the purchase money enforced upon him, and yet be disabled from procuring the property for which he paid it." The authorities in support of these principles are very numerous, and there is a greater degree of uniformity among them than is usual on a question presented, as this has been, in so many different aspects. (*Pordage* v. *Cole*, 1 Wm. Saund. 320; *Jones* v. *Gardner*, 10 Johns. 266; *Gazley* v. *Price*, 16 Johns. 267; *Parker* v. *Parmele*, 20 Johns. 130; *Williams* v. *Healey*, 3 Den. 367; *Johnson* v. *Wygant*, 11 Wend. 48; *Bean* v. *Atwater*, 4 Conn. 3; *Lester* v. *Jewett*, 11 N. Y., 1 Kern., 453; *Hunt* v. *Livermore*, 5 Pick. 395; *Kane* v. *Hood*, 13 Pick. 281; 1 Pars. on Con. 42; 2 Smith L. C. 17.)

The matters set up in the answer regarding the adverse pre-emption claims, constitute no defense to the action; for the plaintiff covenanted to convey only the right, title, and interest he held in the undivided half of the premises at the time the contract was entered into.

This, we understand from reading together the two clauses of the covenant we have cited, was the intention of the parties. The "one undivided half interest," mentioned in the second clause, was the same as that mentioned in the previous clause, where it is limited to "his right, title, and interest" therein. The object of the second clause was to specify with greater accuracy the time for the execution of the conveyance, and that the interest conveyed should be free from incumbrance, and not to enlarge the interest previously specified.

It is unnecessary to consider the remaining questions, because if the plaintiff had not delivered or tendered the conveyance according to his covenant, he cannot prevail in the action.

We are of opinion that the portion of the answer setting

up the contract of sale, and alleging the failure of the plaintiff to convey, or offer to convey, to the defendants the interest in the premises sold to them, is a good defense to the action, and that the order striking it out was erroneous.

Jugment reversed, and cause remanded for further proceedings.