PATRICK ROURKE, APPELLANT. *v.* FRANCIS McLAUGHLIN, RESPONDENT.

CONSTRUCTION OF CONTRACTS.—If a contract for the sale of land provides that the purchase money shall be paid by instalments, and that if the vendee, at any time, fails to meet his payments, he will surrender the possession of the land to the vendor, this does not entitle the vendee to elect whether he will pay the purchase money or surrender the possession of the land.

WANT OF CONSIDERATION.—If McL. and wife convey to R., for the sum of one thousand dollars, and on the same day, and as a part of the same transaction, R. gives McL. and wife a contract for the sale of the same land, for the same price, payable by instalments, and for a good and lawful deed upon the payment of the purchase money, in an action by R. to recover an instalment, McL. and wife cannot rely upon an alleged want of title to the land in R. as a defense to the action.

INDEPENDENT PROMISES.—If, in a contract for the sale of land, the purchase money is to be paid by instalments, and a deed is not to be given until the whole price is to be paid, the promises of the vendee are independent, and the vendor may sue upon all of them, except the last, without averring a willingness to perform, on his part, or tendering a deed.

DEFENSE TO AN ACTION UPON A CONTRACT FOR THE SALE OF LAND.—The fact that the vendor of land is not within the jurisdiction of the Court, is no defense to an action, in his name, for the purchase money, although the vendee has not yet received his deed, and is not entitled to it, by the terms of the sale, until all the purchase money is paid.

SPECIFIC PERFORMANCE—WHEN DECREED.—The fact that the vendor of land is absent from the State at the time the vendee becomes, by the terms of the sale, entitled to a deed, does not prevent him from giving a deed voluntarily, nor the Courts of this State from compelling him to do so, in person, or by a Commissioner appointed by the Court to act for him.

IDEM.—Specific performance will be decreed whenever the parties, or the subject-matter, or so much thereof as is sufficient to enable the Court to enforce its decree, is within the jurisdiction of the Court.

DISCHARGE IN INSOLVENCY—WHEN NO DEFENSE.—If the record of the proceedings in insolvency, neither names the plaintiff, nor the contract in suit, nor states that the defendant has described all his debts and liabilities, to the best of his knowledge and recollection, the discharge constitutes no defense to the action.

APPEAL from the District Court of the Fourteenth District, Placer County.

The defendant appealed.

The case and points of counsel are sufficiently stated in the opinion of the Court.

*Jo Hamilton,* Attorney General, for Appellant.

*H. H. Fellows* and *J. T. Cannon,* for Respondent.

SANDERSON, J., delivered the opinion of the Court:

This is an action upon a contract to sell and convey real estate. The contract is set out in full in the complaint. It appears that the estate in question was sold by the defendant and his wife, and conveyed by them to the plaintiff upon the 15th of September, 1866, and that upon the same day the contract in suit was executed. That the consideration for both sales was the same, to wit: $1,000. That by the contract in suit, the defendant agreed to pay the sum of $1,000, in coin, with interest at the rate of one and one half per cent. per month, to be paid by instalments, as follows: $400, with interest, on the 15th of October, 1867; $400, with interest, on the 15th of October, 1868, and the remainder on the 15th of October, 1869. That, upon the payment of the price, the plaintiff was to make "a *good* and lawful deed." That if the defendant, at any time, should fail to make his payments, he was to surrender possession. That the defendant was to have immediate possession under the contract. That this action was brought for the first instalment.

In his answer, the defendant admits the making of the contract, and his failure to pay the first instalment; but alleges:

*First*—That, under the contract, it is his privilege to pay or surrender possession of the estate; that he has elected to do the latter, and has offered to surrender, and still offers, and will continue to offer, until the termination of this suit.

*Second*—That, at the date of said contract, the estate was the property of the Central Pacific Railroad Company of California, and not the property of the plaintiff. That the plaintiff falsely represented that he had title, and he (the

defendant) made the contract in the belief that the plaintiff could make him a good title.

*Third*—That, at the time said contract was made, the plaintiff resided in this State, but since then he has removed to Ireland, and is no longer a resident or citizen of the United States, but has become a subject of the Queen of Great Britain; and hence, if this defendant is made to pay the purchase money, he will, for the reasons stated, be unable to enforce the contract as against the plaintiff, or compel him to convey.

*Fourth*—That he has been discharged from all liability on the contract in question, under the insolvent laws of this State.

At the trial, the defendant offered to prove the matters firstly, secondly and thirdly set forth in his answer; but the Court held that the matters there stated constituted no defense, if true, and refused to hear the testimony; to which ruling the defendant excepted.

To sustain the matter fourthly set forth, the defendant offered in evidence certain proceedings of the County Court of Placer County, instituted by him, under the insolvent laws of this State, to obtain a discharge from his debts; and it appearing, upon inspection of the record, that the contract in suit was not therein specially described or referred to, and that there was in the petition no statement that "*he had described all of his debts and liabilities according to the best of his knowledge and recollection*," the Court held that the record did not sustain the defense, notwithstanding the petition contained a prayer to be discharged from all debts and liabilities, whether described or not, and notwithstanding the decree, in terms, discharged him from all debts and liabilities, whether described in his schedules or not.

Accordingly, judgment passed for the plaintiff. The defendant has appealed, and asks a reversal upon the ground that the rulings of the Court below, as above set forth, are in all respects erroneous.

We think, however, that the rulings were all according to the law of the case.

As to the construction put upon the contract by the defend-

ant—that he has the election to comply with it by paying the money stipulated to be paid, or to annul it by surrendering the land—it is sufficient to say that it is wholly unwarranted. Such a construction would destroy the contract, by destroying its mutuality, for it would be leaving the existence of the contract to the will of one of the parties, which would be to say that there was no contract at all. Obviously the election as to the remedy, if any, lies with the plaintiff, and not the defendant. Nor can the defendant be heard to say that the plaintiff has no title, and that the consideration has, therefore, failed. The plaintiff obtained the title from the defendant, and it is obvious that the transaction was a loan of $1,000 by the plaintiff to the defendant, secured by a deed from the defendant and his wife. Failure of consideration is, therefore, a mere pretense. The real nature of the transaction is apparent, notwithstanding the form it has been made to take. It is one of mortgage, and not one of purchase, and the case must be decided by the law of the former, and not by the law of the latter. (*Lane* v. *Shears,* 1 Wend. 433.)

To such a case the question of title is a false quantity. Besides, if the title is worthless, the plaintiff, and not the defendant, is the sufferer. If either has been misled, it is the plaintiff, and not the defendant. This defense, therefore, presents the simple proposition, whether, if a party borrows a sum of money and promises to pay it, and, to secure the payment, mortgages land to which he has no title, he is, by the latter fact, released from his promise to pay— a proposition which requires no answer.

Nor does the fact that since the transaction in question the plaintiff has removed from the State to a foreign country, constitute a defense. The claim that it does, seems to be founded upon the idea that, in view of the facts stated, the defendant will be unable, when the time comes, to compel the plaintiff to perform, on his part, by making a deed. So far as the first and second instalments are concerned, the promises of the defendant are independent, and performance by the plaintiff is not a condition precedent, and therefore, a willingness on his part to perform need not to have been

averred. (*Bean* v. *Atwater,* 4 Conn. 3 ; *Osborn* v. *Elliott,* 1
Cal. 337; *Folsom* v. *Bartlett,* 2 *Id.* 163; *Barron* v. *Frink,* 30
*Id.* 486; 2 Smith's Leading Cases—note to *Cutter* v. *Powell,*
p. 22 ; *Hill* v. *Grigsby,* 35 Cal.)

But, independent of this consideration, the fact that the
plaintiff may be beyond the jurisdiction of the Courts of this
State when the defendant may become entitled to a deed is
wholly immaterial. His absence will neither prevent his
making a deed voluntarily, nor prevent the Courts of this
State from compelling a deed to be given by the plaintiff
himself, or by a commissioner appointed to act in his place.
The rule seems to be that specific performance will be de-
creed whenever the parties, or the subject-matter, or so much
thereof as is sufficient to enable the Court to enforce its
decree, is within the jurisdiction of the Court. Thus, in the
case of *Penn* v. *Lord Baltimore,* specific performance of a
contract for lands lying in America was decreed in England.
(1 Ves. 444.) So in the case of the *Earl of Kildare* v. *Sir
Morrice Eustace and Fitzgerald,* it was held that a trust in
relation to lands lying in Ireland may be enforced in England,
if the trustee live in England. (1 Vern. 419.) So if the
subject of the contract or the trust be within the jurisdiction,
but the parties are not. In an anonymous case in 1 Atkyns
(19), which was a bill for an allowance for the support of
children out of stocks in England, and the parties were out
of the kingdom, the Lord Chancellor said that he had no power
over the parties, because they were in foreign countries ; but,
though he could not come at their persons, he could lay his
hand upon any stocks they had in England. So in the case
of *Ward* v. *Arredondo,* a contract for the sale of lands lying
in Alabama, made by a citizen of New York at Havana, with
the defendant, a Spanish subject, was enforced in New
York, although the defendant was not in New York, and
there was nothing connected with the parties or the sub-
ject-matter within the jurisdiction of the Court, except the
deed for the land, which was in the custody of defendant's
agent, who was made a party to the suit. (Hopkins' Ch. R.
213.) In the present case, though the plaintiff be in Ireland
when the time comes for performance on his part, the

defendant may compel a specific performance for the land—the whole subject-matter of the contract, is within the jurisdiction of the Courts of this State. (*Arglass* v. *Muschamp*, 1 Vern. 75; *Toller* v. *Cateret*, 2 *Id.* 494; *Massic* v. *Watts*, 6 Cranch, 148; *Cleveland* v. *Burnell*, 25 Barb. 532; *Newton* v. *Bronson*, 3 Kernan, 587.)

The discharge of the defendant under the insolvent laws of this State, did not embrace this contract, and the proceedings by which the discharge was obtained were, therefore, properly rejected. It appears upon the face of the record of these proceedings that neither the plaintiff nor the contract in suit is mentioned, and that it is not stated by the defendant that he has described all of his debts and liabilities to the best of his knowledge and recollection. The statute expressly provides that the discharge "shall not apply to debts and liabilities not mentioned and set forth in the schedule, unless the insolvent shall declare in his petition that it is his desire to be discharged from all his debts and liabilities, *and that he has described them according to the best of his knowledge and recollection.*" (Section 24.) In view of this provision of the statute, it is obvious that the discharge of the defendant, so far as it purports to include or operate upon creditors and their claims who are in no way named or described in his schedule, is wholly void, for the want of jurisdiction in the Court by which it was granted. In neither of the modes provided by the statute was the plaintiff made a party to the proceeding, and his claim is, therefore, unaffected by the dischage.

The judgment affirmed.