[No. 9,527. Department One.—August 26, 1884.]

## H. PEASLEY, Respondent, *v.* O. P. HART, Appellant.

Contract of Sale — Government Land — Purchaser with Notice — One Ensey, an applicant for the purchase of a tract of government land, made an agreement in writing with the defendant, who was in possession of a part of the land, that Ensey should procure a patent from the United States to the whole tract, and would then convey to the defendant the land possessed by him, on payment of his proportion of the purchase money and expenses. *Held,* (1) that the agreement was binding upon Ensey, and any purchaser from him with notice; (2) that it was the duty of Ensey to notify the defendant of the issuance of the patent, and the proportion of the purchase money to be paid by him.

Appeal from a judgment of the Superior Court of the county of El Dorado.

The facts appear in the opinion of the court.

*George G. Blanchard,* for Appellant.

*M. P. Bennett,* for Respondent.

McKee, J. — At the commencement of the action of ejectment out of which this case arises, the defendant was in possession of the demanded premises, under a written contract between himself and the grantor of the plaintiff for a conveyance of the legal title.

The case is this: In the year 1878, one Ensey applied to purchase from the government of the United States a tract of public land. At the same time the defendant had pending an application to purchase a part of the same land, of which he was then in possession, and had been for several years before, claiming it as his own. To avoid a contest between the two applicants, it was agreed that the defendant would withdraw opposition to Ensey's application, and that Ensey, in consideration thereof, when he procured the patent for the land from the United States, would convey to the defendant the legal title to his part of the land, upon payment by him of the government price per acre, and a just proportion of the expenses incurred in procuring the patent. Cotemporaneously with the execution and delivery of this agreement, Ensey executed and acknowledged a deed which purported to convey the land to the defendant, and was to be delivered to him after the issuance of the

patent, upon payment of the purchase money and his propor-
tion of expenses, according to the terms of the contract.

On the 15th of September, 1882, Ensey obtained his patent;
but, instead of notifying the defendant of its issuance, or of the
amount of money paid for the land, and of the expenses incurred
in procuring the patent, and without tendering the deed which
had been executed to be delivered on payment of the money, he
conveyed the defendant's land by deed to the plaintiff.

When the plaintiff received his deed, he took it with knowl-
edge of the fact that defendant was in the actual possession of
the land, and (according to the averments of the cross-complaint,
which are not sufficiently denied by the plaintiff's answer to
raise an issue as to them), with notice that the defendant claimed
title to the land under his agreement with Ensey. Having
thus obtained the dry legal title to the land with notice of the
defendant's equitable right, the plaintiff was bound by the agree-
ment between his grantor Ensey, and the defendant, to convey
to the defendant the legal title; and equity will compel him to
convey, unless the defendant has repudiated the agreement or
refused to perform it, or there are circumstances which would
render it inequitable to compel performance.

There was no proof of repudiation or refusal. Defendant
averred his readiness to perform, and offered to pay the amount
of the purchase money due upon the agreement, whenever the
same was ascertained, and he asked, as equitable relief, specific
performance "upon such conditions as to the court might seem
meet and proper, and for such other and further relief as might
be deemed equitable and just."

This was sufficient to entitle the defendant to relief, if the
agreement was capable of being performed. The agreement
was capable of performance; it was in writing, founded upon a
valid consideration, certain in its terms, mutual in its obliga-
tions, and was otherwise fair and just. Time was not of its
essence, for there was no day named for the payment of the pur-
chase money. The money was to be paid upon the happening
of an event, which would become known, first of all, to the
vendor; and when it became known to him, by the receipt of
his patent, he, as the trustee of the title for the defendant, was
bound, under his agreement, to notify the defendant of the

issuance of the patent, and of the amount of the purchase money to be paid by the defendant under the agreement for the delivery of the deed, which had been executed and acknowledged, and was to be delivered upon the ascertainment and payment of the purchase money.

The performance of these things by Ensey was a condition precedent to the right by him or his grantee to insist upon payment by the defendant. Where the performance of an executory contract by one party depends upon something to be previously done by the other, an action will not lie for non-performance if default has been made in the accomplishment of the preceding act. You must first perform your own part, or show a readiness and willingness to do so, before you can put the other party in fault for non-performance, or create a forfeiture of his rights under the contract. (*Barron* v. *Fraik,* 30 Cal. 488; *Hill* v. *Grigsby,* 35 Cal. 656.)

As, therefore, the defendant was not in fault, and was ready and willing to perform the contract by paying for his land when the amount to be paid was ascertained, he was entitled to a judicial ascertainment of the amount, and to specific performance.

But the court refused specific performance, upon the ground that there was a variance between the agreement proved and that alleged in the cross-complaint.

The cross-complaint alleged that the parties duly entered into a contract, by the terms of which Ensey, in consideration of the withdrawal of opposition to his application to purchase a tract of land from the United States, agreed " to deed and convey " the part of said land occupied by the defendant, as soon as he should receive a patent therefor from the United States, upon payment by defendant " of the price said Ensey should pay the government therefor."

The evidence showed, and the court found, that Ensey agreed "to deed and convey, after obtaining his patent, upon payment of the price paid to the government, and also such proportion of the expenses of obtaining the patent as the number of acres in possession of the defendant would bear to the whole number of acres in the tract described in the patent."

The allegations and the proofs were not, in fact, identical; but they sufficiently corresponded, in respect of the facts which

constituted the defendant's claim to relief in equity; that is, that the plaintiff's grantor had contracted to convey the legal title to the defendant upon payment by him of the purchase money of the land, according to the terms of the contract between them. There is no difference between the allegations and the proofs as to the contract to convey; but there is a difference as to the amount of money to be paid; and as that was a difference only in quantity or extent, it did not constitute a legal variance; for it could not have misled the plaintiff to his prejudice, in maintaining his defense upon the merits to the defendant's cross-complaint (§ 469, Code Civ. Proc.); nor did it operate in any way to prevent the court from ascertaining the amount paid for the land and the expenses incurred in procuring title to it, and from adjudging the relief to which the parties were entitled.

Judgment and order reversed and cause remanded.

McKINSTRY, J., and ROSS, J, concurred.