[Civ. No. 3911. First Appellate District, Division Two.—August 25, 1921.]

## S. DI FIORE et al., a Partnership, etc., Appellants, v. F. O. BOHNETT, Respondent.

[1] CONTRACTS — BREACH — ACTION FOR DAMAGES — PERFORMANCE — PLEADING.—In an action by the purchasers against the seller for damages for breach of a contract to sell and deliver a certain crop of fruit, the plaintiffs must allege, among other things, their performance, offer to perform, or readiness to perform.

[2] ID.—RECOVERY OF MONEY ADVANCED—STATUTE OF LIMITATIONS.— Where the complaint in such action shows that the contract was abandoned and the plaintiffs do not seek its enforcement but merely to recover the money advanced by them to the defendant, and for which they received no fruit in return, their cause of action is one in implied *assumpsit* for money had and received and as such is barred by the statute of limitations after two years.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. G. Tompkins for Appellants.

Bohnett & Hill for Respondent.

NOURSE, J.—Plaintiffs sued defendant for $417.95, the amended complaint alleging that on the fourteenth day of June, 1917, the defendant and S. Di Fiore, doing business under the name of D. Di Fiore Canning Company, entered into an agreement whereby the defendant sold and the Canning Company purchased the defendant's crop of fresh apricots grown during the season of 1917 at the price of

$75 per ton, the estimated quantity being 40 tons. The complaint also alleges that at the time of the execution of the contract S. Di Fiore paid and advanced to defendant on account of the purchase price of said fruit the sum of $500, that but 2,188 pounds of said fruit was delivered, of the value of $82.05, and that defendant has failed, neglected, and refused to deliver any more. It is then alleged that by reason of defendant's failure to deliver the balance of the apricots plaintiff has been damaged in the sum of $417.95, the amount sued for. A demurrer was interposed, specifying as grounds thereof that the complaint did not state a cause of action, that the plaintiffs did not have legal capacity to sue in that they had failed to comply with the provisions of sections 2466 and 2468 of the Civil Code, and that the cause of action was barred by the provisions of subdivision 1, section 339, of the Code of Civil Procedure. This demurrer was sustained without leave to amend, and from the judgment following the plaintiff appeals.

It does not appear when the original complaint was filed, but appellant concedes that if the action was in *assumpsit* and not an action on the contract it is barred by the statute of limitations. [1] The "action upon the contract" to which appellant refers would be an action for damages for its breach. That the complaint does not contain the essential averments for such an action is apparent. It being evident that the contract called for the purchase of the entire crop grown by respondent during the 1917 season, appellant would not be permitted to take such portion of the crop as he chose and refuse to take the balance. In order to sue for breach of the contract it was, therefore, necessary for appellant to allege his performance, offer to perform, or readiness and willingness to perform. (*Barron* v. *Frink,* 30 Cal. 486, 488; *Los Angeles Gas & Elec. Co.* v. *Amalgamated Oil Co.,* 156 Cal. 776, 778, [106 Pac. 55].)

[2] Here the complaint does not contain any of such averments, but it is apparent from the face of the complaint that the contract was abandoned and that appellant did not seek its performance. His cause of action then was one in implied *assumpsit* for money had and received

and as such was concededly barred by the statute of limitations.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.